per curiam:
Plaintiff, appearing pro se, filed a petition with the court on September 3, 1981. It appears from the petition that plaintiff has been in the military; that, after signing a "Chapter 10” in order to avoid a court-martial, plaintiff was discharged from the military on January 16, 1978; that, because of certain drug incidents, plaintiff has suffered some sort of mental or emotional breakdown which has caused him to be unable to cope with civilian life; and that, because of the above, plaintiff claims that he is entitled to a job, based on his veteran status, and $1.5 million in damages from defendant.
Defendant, in its motion to dismiss, argues that the petition should either be dismissed because of laches, because plaintiffs claims are founded in tort and are therefore outside the court’s jurisdiction, or because the petition fails to state a claim upon which relief can be granted. However, we do not reach defendant’s arguments *722 and, instead, hold that the petition, as written, fails to comply with Rule 35(a) of the Rules of the United States Court of Claims. Rule 35(a) states, in part:
The petition shall set forth:
(a) Statement of Facts: A clear and concise statement of the facts on which each claim is based, including the facts upon which the court’s jurisdiction depends, the time when and place where the claim arose, and the items and amounts claimed: * * * *
Specifically, because of the inadequacies of the petition, the court is unable to determine whether it has jurisdiction over plaintiffs claims.
it is therefore ordered that, based on Rule 102(b) (failure to comply with the court’s rules), defendant’s motion to dismiss is granted and the petition is dismissed without prejudice.